IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00119-WDM-MEH

RAE ANN SCHMALTZ,

    Plaintiff,

v.

SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,

    Defendant.

## ORDER GOVERNING CONFIDENTIAL MATERIALS

**Michael E. Hegarty, United States Magistrate Judge.**

    On Joint Motion of the Parties [docket #67], and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in the interest of ensuring an efficient and prompt resolution of this action and of protecting information of the parties and non-parties from improper disclosure, the Court hereby enters the following Protective Order:

    1.    This Order governs the handling of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded, graphic matter or other information ("discovery material") produced by or obtained from any Party (the "producing Party" or the "receiving Party") during the proceedings in the captioned action (the "Lawsuit" or "Litigation"). Discovery material shall be used only for the prosecution and/or defense through final disposition on appeal, if any, of this Lawsuit.

    2.    Definitions:

        (a)    "Plaintiff":  Rae Ann Schmaltz (and her spouse, if any) and Plaintiff's counsel, including attorneys, paralegals, clerical, secretarial and other non-attorney staff or outside duplicating/IT services employed by such counsel.

      (b)    "Defendants":  SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Block Drug Company Inc., any of their affiliated/related entities and Defendants' outside counsel, including attorneys, paralegals, clerical, secretarial and other non-attorney staff or outside duplicating/IT services employed by such counsel. "Defendants" also includes Defendants' internal and/or in-house counsel who are providing legal advice and assistance in respect of this Lawsuit, including paralegals, attorneys, clerical, secretarial and other staff or outside duplicating/IT services working for in-house counsel.

      (c)    "Party" or "Parties":  Plaintiff and/or Defendants

3.    Any producing Party may designate as confidential any discovery materials which such Party reasonably believes, in good faith, to contain or disclose confidential or proprietary business, commercial, financial or personal information, trade secrets, confidential research and development, credit, compliance, personnel and administrative information, and the like, and information protected from disclosure by agreement or operation of law.  All discovery materials so designated shall be referred to in this Order as "Confidential Discovery Material," and shall be handled in strict accordance with the terms of this Order.  Any Party that designates discovery materials for protection under this Order must take care to limit any such designation to the specific material that qualifies under the appropriate standards.

      4.      Confidential Discovery Material:

      (a)      Confidential Discovery Materials may include, or be included in, but are not limited to, documents, transcripts, information disclosed in an interrogatory answer or response to request for admissions, information revealed during a deposition, and information otherwise disclosed in discovery, briefs, affidavits, summaries, notes, abstracts, motions, and any instrument that comprises, embodies, or summarizes matters that any producing Party considers confidential.

      (b)      Confidential Discovery Materials, or any portion thereof, shall be designated, at or prior to the time at which it is produced to the receiving Party, confidential by marking or stamping them as "Confidential." With respect to multi-page documents which contain confidential information, the designation may be made by marking only the first page thereof "Confidential" so long as such multi-page documents are securely bound.  Any copy, memorandum, summary, or abstract (excluding copies, memoranda, summaries, or abstracts used solely internally by counsel to one of the Parties) containing Confidential Discovery Material shall likewise bear on its face the "Confidential" designation.

      (c)      The producing Party may, on the record of a deposition, or within twenty-one (21) days, or by extension by agreement of the parties, after receipt of the transcript of such deposition by all counsel, designate any portion of the deposition as "Confidential" under the terms of this Order by notifying the opposing Party in writing within twenty-one (21) days of receipt of the transcript, or by extension by agreement of the parties, that specific portions therein, should be treated as confidential.  The original and all copies of deposition transcripts that contain material designated as confidential shall be prominently marked "Confidential" on the cover thereof.  The portion of the transcript designated as "Confidential" must be filed under seal, as provided herein, unless the confidentiality designation has been previously removed by agreement of the parties or

an Order of the Court. All deposition transcripts shall be deemed to be, and shall be treated as, "Confidential," for a period of twenty-one (21) days, or for any additional period agreed to by the parties, after receipt of the transcript by all counsel, to permit any party to make designations.

   (d) Any Party to this action may designate as "Confidential" any discovery material that was authored by any Party or its related companies and personnel but produced by a non-party or included in a transcript of oral testimony by a non-party, and the provisions of this Order shall apply to any such designation as if the Party making such designation was the producing Party. Designations under this Subparagraph (d) shall be made within thirty-five (35) days of the production of the discovery material.

   (e) No party may designate as confidential any discovery material authored by any Party or their related companies and personnel that has been previously released or published in the public domain.

   (f) Nothing herein shall be deemed to restrict in any manner the Parties, their counsel or experts from using their own Confidential Material or information as they deem appropriate.

   5. The discovery material specifically designated as "Confidential" should not be shown or given to any person except "Qualified Persons" defined as follows:

   (a) Any Party (including a spouse) to this Litigation including any Party's officers, directors, trustees, or employees;

   (b) Plaintiff's counsel, including the attorneys, paralegal, clerical, secretarial and other non-attorney staff and outside duplicating/IT services employed by such counsel;

   (c) Defendants' counsel, including the attorneys, paralegal, clerical, secretarial staff and other non-attorney staff and outside duplicating/IT services employed by such counsel;

(d)     Defendants' officers, trustees, directors and employees, including but not limited to Defendants' medical and regulatory employees, as well as in-house/internal counsel for Defendants who are providing legal advice and assistance in respect to this Lawsuit, including attorneys and paralegal, clerical, secretarial and other non-attorney staff and outside duplicating/IT services working for in-house/internal counsel;

(e)     Experts and consultants retained by Plaintiff for purposes of assisting the Plaintiff and her attorneys in the preparation and presentation of her claims; however, if Plaintiff wishes to disclose Confidential Discovery Material to an expert or consultant who (1) is or has been within the past six (6) months an employee, officer, director, agent, contractor, subcontractor or technical consultant of any company that manufactures, markets, distributes, or sells any denture adhesive product other than Defendants; and (2) has him or herself been engaged in that period on any project for a company other than Defendants relating to any denture adhesive product [hereinafter the "engagement"]; or if Plaintiff wishes to disclose Confidential Discovery Material to an expert or consultant who, at the time of the initial disclosure, actively intends to assume such "engagement" to work for a company that manufactures, markets, distributes, or sells denture adhesive during the pendency of this Litigation, Plaintiff shall promptly so notify Defendants' counsel, including with such notification a copy of the expert's curriculum vitae. Within ten (10) business days of receiving such notification and curriculum vitae, Defendants may object in writing to the disclosure of Confidential Discovery Material to the proposed expert. If an objection is not resolved by the Parties, Defendants shall file a motion in support of that objection within ten (10) business days of making the objection. Confidential Discovery Material shall not be disclosed to the disputed expert or consultant until the parties or the Court resolve the matter. In addition, should the expert or consultant in fact assume an "engagement" to work for a company that

manufactures, markets, distributes, or sells denture adhesive during the pendency of this Litigation, Plaintiff shall promptly so notify Defendants' counsel, including with such notification a copy of the expert's curriculum vitae;

  (f) Experts and consultants retained by Defendants for purposes of assisting its attorneys in the preparation and presentation of defenses to the claims and allegations made by Plaintiff;

  (g) The Court, court personnel and officers, and stenographic and videotape court reporters who record testimony taken in the course of this Litigation (see paragraph 9 below concerning the filing of any documents with the Court that include or disclose "Confidential" information);

  (h) Any person as may be required by law or legal process (but see paragraph 12 below); or

  (i) Any other person the parties mutually agree to in writing, provided such person has first signed the Confidentiality Agreement in the form of Exhibit A hereto.

6. Plaintiff shall not share Confidential Discovery Material with any counsel for a claimant or plaintiff in any *other* action, who is not specifically identified as counsel in this Lawsuit without the specific consent of the Defendants.

7. Prior to showing any document designated as "Confidential" to any Qualified Person described in paragraph 5(a)-(d) and 5 (g)-(h), the person showing the material to the Qualified Person shall inform the qualified person of this Order and explain both its terms and the Court's determination that anyone viewing confidential material is bound by this Order. Before any Qualified Person described in paragraphs 5(e), 5(f) or 5(i) is given access to any document designated as "Confidential," counsel for the Party proposing to make such disclosure shall deliver

a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on an agreement in the form of Exhibit A attached hereto. Such Qualified Person shall obtain and maintain a copy of this executed attestation. The Parties shall maintain a log of all copies of documents that contain Confidential Discovery Material that are delivered to one or more such Qualified Persons identified in Paragraphs 5(e), 5(f), and 5(i).

8.     Nothing herein shall prevent any Party's counsel from utilizing Confidential Discovery Material in the examination or cross-examination of, or in discussions with, any person who is indicated on a document containing the Confidential Discovery Material as being an author, source or recipient of the document, provided that the person is informed that the Confidential Discovery Material being so utilized is subject to this Order, and is further advised of both its terms and that anyone viewing Confidential Discovery Material is bound by this Order in this regard. With respect to Defendants, any document containing Confidential Discovery Material may be used in any deposition of Defendants' agents, servants, employees or contractors. Any such use as contemplated by this paragraph does not alter the confidential status of the Confidential Discovery Material so utilized.

9.     If a Party wishes to use any confidential information in any affidavit, brief, memorandum of law, or other papers filed in this Court, including any document that reveals the content of such Confidential Discovery Material, in this Litigation, such papers shall and may be properly be filed under seal. The confidential information filed under seal shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible, only the "Confidential" information in the filings with the Court shall be filed under seal. To facilitate compliance with this Order by the Clerk's office, the sealed envelope shall bear the legend "Confidential Pursuant to Court Order" on its front face. In addition, the envelope shall bear

the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes and shall state thereon that it is filed under the terms of the Order. Such Confidential Discovery Material and information and/or other papers containing such Confidential Discovery Material or information shall be kept under seal until further order of the Court; however, said Confidential Discovery Material and other papers submitted under seal shall be available to the Court and counsel and to all other Qualified Persons under the terms of this Order.

10.     Subject to the Federal Rules of Evidence, Confidential Discovery Material may be disclosed in oral argument before the court, or offered in evidence at trial or any court hearing in open court, provided that the proponent of the disclosed or offered Confidential Discovery Material must notify the producing Party prior to any disclosure or submission in order to allow the producing Party sufficient opportunity to take steps to have any argument or hearing conducted in camera and any disclosure or submission to be made under seal or, if the notification is provided during the argument, hearing or trial, to request that reasonable measures can be taken to preserve confidentiality of the disclosed or offered information. Any producing party may move the Court for an order that the Confidential Discovery Material be received in camera or under conditions to prevent unnecessary disclosure, including filing under seal. Nothing in this Order shall operate as an admission by any party that any particular Confidential Discovery Material is, or is not admissible in evidence in these proceedings.

11.     Attendance at depositions at which Confidential Discovery Material is identified, discussed or disclosed shall be limited to those persons who are authorized to receive such Confidential Discovery Material under the terms of this Order.

12.     If any Party or person that has obtained Confidential Discovery Material subject to the terms of this Order receives a subpoena or other discovery request commanding the production

of any such Confidential Discovery Material ("Subpoenaed Information"), such Party or person shall not, to the extent permitted by law, provide or otherwise disclose such documents or information without first waiting (10) business days after notifying other counsel and the producing Party in writing, which notice shall include a description of the Subpoenaed Information, the date set for the production or disclosure of the Subpoenaed Information, the identity of the person, entity or party serving the subpoena or request, and the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.  In no event shall the Party or person to whom the subpoena or request is directed  produce the Subpoenaed Information prior to the due date set forth in the subpoena or request or, if served with a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify.

13.     Notwithstanding the procedure set forth in paragraph 4 above, documents or other discovery materials produced or disclosed and not designated as "Confidential" through mistake or inadvertence shall likewise be deemed Confidential Discovery Material upon notice of such mistake or inadvertence and the further handling of such documents or other discovery material shall be governed by the provisions of Colorado Ethics Opinion 108.  Further, the inadvertent production or disclosure of any document or information that a Party later claims should not have been produced or disclosed because of any privilege shall likewise be governed by the ethics guidance provisions of Colorado Ethics Opinion 108 and shall further be governed by the provisions, protections and proceedings of Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  The Parties incorporate herein the provisions, protections and proceedings of Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure as the agreement of the parties to be "so ordered" by the Court pursuant to Rule 502 (e).

14. If Confidential Discovery Material received by a Party is disclosed to any person other than in the manner authorized by this Order, then the Party responsible for the improper disclosure shall, immediately upon learning of such disclosure, inform the producing Party (or that Party's counsel) of all pertinent facts relating to the improper disclosure and shall make every reasonable effort to retrieve the Confidential Discovery Material from any person or entity who improperly received the Confidential Discovery Material and to prevent disclosure by any unauthorized person or entity who received the Confidential Discovery Material.

15. Entering into, agreeing to, producing or receiving materials pursuant to, and/or otherwise complying with, the terms of this Order shall not:

(a) operate as an admission by any Party that any particular discovery material contains or reflects confidential, proprietary or competitively or personally sensitive business, commercial, financial information, or other information permitted to be designated as Confidential under this Order;

(b) be construed as a concession that such discovery material is relevant or material to any issue or is otherwise discoverable;

(c) prejudice in any way the rights of any producing Party to object to the production of documents it considers not subject to discovery;

(d) prejudice in any way the rights of a Party to seek a determination of the Court that particular discovery materials should be produced; or

(e) prejudice in any way the rights of a designating Party to apply to the Court for a further protective order relating to any confidential information.

(f) be used in any way as evidence in this action.

16. The Party seeking discovery shall have the right to challenge any designation of confidentiality by making a written objection to the producing Party of its treatment of particular documents or information as "Confidential." In the written objection, the challenging Party shall set forth the specific Confidential Discovery Material that the Party is challenging and shall provide the legal and factual basis for its objection to each piece of Confidential Discovery Material being challenged. If such an objection is made, the parties will meet and confer and make a good faith effort to resolve their dispute. If the parties are unsuccessful, then no later than fifteen (15) business days following the conclusion of the parties' unsuccessful effort to resolve the dispute, the producing Party may apply to the Court for a determination of whether the designation should be removed. After such a motion is filed, the challenged designation shall remain in effect until changed by order of the Court or agreement of the producing Party, and the Confidential Discovery Material shall be treated in accordance with the terms of this Order pending the Court's ruling on the motion. If the producing Party does not apply to the court for a determination of whether the designation should be removed no later than fifteen (15) business days following the conclusion of the parties' unsuccessful effort to resolve the dispute, the material that was the subject of the dispute shall no longer be deemed Confidential Discovery Material, and shall not be treated in accordance with the terms of this Order. This Order does not alter any procedures for resolving discovery disputes established by this Court or the Federal Rules of Civil Procedure. No party shall be obligated to challenge the propriety of the designation of any Confidential Discovery Material as "Confidential," and a failure to so challenge shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such Confidential Discovery Material to persons not referred to in paragraph 5 hereof.

17. Immediately after this action has been finally determined as defined below, Plaintiff shall destroy, or return to Defendants, all copies of Defendants' Confidential Discovery Material, regardless of the format in which that material was produced or is kept. Defendants shall destroy, or return to Plaintiff, all copies of Plaintiff's Confidential Discovery Material to the extent the Confidential Discovery Material is not required to be kept and maintained by law, regulation, or audit, accounting or insurance purposes or other company policy; otherwise Defendants shall maintain the confidentiality of Plaintiff's Confidential Discovery Material in accordance with this Order. This provision includes all Confidential Discovery Material provided to expert witnesses and other Qualified Persons in Paragraphs 5 (e), 5(f), and 5(i), and includes the deletion of any of their computer files containing Confidential Material, wherever they exist. Counsel for the Party who disseminated the Confidential Discovery Material shall bear the burden of retrieving such documents or material from outside persons and destroying the documents or information in accordance with this paragraph. Notwithstanding the foregoing, the undersigned counsel may elect to retain one copy of all pleadings and other materials filed with the Court and attorney work-product materials, including, but not limited to, correspondence, memoranda, and notes which contain or refer to "Confidential" information for purposes of maintaining an integrated in-house record, provided that the confidentiality continues to be preserved and provided that such counsel so informs counsel to the producing Party in writing. Within thirty (30) days of the termination of this Lawsuit, as defined below, each receiving Party shall certify in writing that all Confidential Discovery Material, regardless of format or location, has been destroyed and/or returned to the producing Party and/or will be maintained as Confidential pursuant to this paragraph and pursuant to this Order. For purposes of this Order, this action shall be deemed to have been finally determined when the parties have entered into a settlement agreement resulting in a final order of the court dismissing the action,

or the Court has entered a final appealable judgment dispositive of all issues then remaining in the action and no timely appeal has been taken by any party to the action. In the event that an appeal is taken, the action shall not be deemed finally determined until the conclusion of all possible appeals.

18.     Any material which was possessed by a receiving Party prior to its disclosure by the producing Party, and which came within the possession of such other Party ("possessing Party") or comes within the possession of such other Party through means not constituting a breach of this Order, nor through means constituting a breach (known by the possessing Party or, if unknown, notified of such breach by the producing Party) by any non-Party of any *other* Protective Order covering the same material, need not be treated as Confidential Discovery Material under the terms of this Order.

19.     All Confidential Discovery Material shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged documents or information shall not be covered by the terms of this Order, and all proceedings and appeals challenging such decisions shall have been concluded.

20.     The Court reserves the power and authority to remove documents and materials from the scope of this Order if it finds documents or materials designated by the parties do not constitute material properly described as protectable by Fed. R. Civ. Pro. 26(c) or this Order. The Court will retain continuing jurisdiction to resolve challenges by either the Parties or third parties to the confidential designation placed on documents and materials.

Dated in Denver, Colorado, this 26th day of January, 2009.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty

United States Magistrate Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:08-cv-00119-WDM-MEH

RAE ANN SCHMALTZ,

    Plaintiff,

v.

SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, and

BLOCK DRUG COMPANY, INC.,

Defendants.

CONFIDENTIALITY AGREEMENT

STATE OF _____    )
    )    ss.
COUNTY OF _____    )

_____, being duly sworn, deposes and says:
I have been requested by **[name of party to the action]** through its counsel to inspect certain materials which are designated as "Confidential" within the terms of the Stipulation and Protective Order in the above-entitled action, dated **[month] [day]**, 200_.

    I have been provided a copy of the Protective Order, have read its terms and provisions and have had its meaning and effect explained to me by the counsel providing me with such Confidential information or documents, and I hereby agree to be bound by its terms.

    1.    In addition to agreeing not to disclose to anyone any such materials other than as set forth in the Protective Order, I also agree not to make or distribute any copies of any such materials except in accordance with the Protective Order.  I also agree that any materials furnished to me will be used by me only for the purposes of this Lawsuit and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

    2.    I further agree that I will not retain any copies of such Confidential Materials beyond the duration of this Lawsuit and/or any appeals thereof and agree to return all documents

containing Confidential Materials or information upon the request of the person or Party who provided them to me.

   3. I understand that my disclosure of Confidential Material to a person not qualified to receive such material as defined by the terms of the Protective Order subjects me to sanctions by the Court.

   4. I hereby consent to the jurisdiction of the United States District Court for the District of Colorado with regard to the enforcement of the undertakings I have made herein.

Subscribed and sworn to me this

\_\_\_\_\_ day of _____, 200\_\_.

                  Signature

Notary Public