IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.  08-cv-00119-WDM-MEH

RAE ANN SCHMALTZ,

      Plaintiff,

v.

SMITHKLINE BEECHAM CORPORATION, d/b/a/ GLAXOSMITHKLINE, and
BLOCK DRUG COMPANY,

      Defendants.

---

## ORDER ON MOTIONS TO DISMISS

---

Miller, J.

      This case is before me on the Motion to Dismiss Certain Claims in Plaintiff's Second Amended Complaint (doc no 56), filed by Defendants.  Plaintiff opposes the motion.  Upon review of the parties' filings, I conclude oral argument is not required.  For the reasons that follow, the motion will be granted in part and denied in part.

<u>Background</u>

      This is product defect case.  Plaintiff asserts that she suffered injuries as a result of using Defendants' "Poligrip" line of denture adhesives.  Plaintiff alleges that she used these products for many years and, as a result, absorbed or ingested zinc and zinc compounds.  The zinc caused Plaintiff to suffer a copper deficiency which in turn caused a nervous system injury.  Plaintiff claims that despite Defendants' knowledge of the possibility of zinc-induced copper deficiency resulting in neurological disorders, Defendants did not provide warnings or instructions regarding the use of their Poligrip products.

In the Second Amended Complaint (doc no 52), Plaintiff asserts the following causes of action: (1) strict liability for product defect; (2) negligence; (3) intentional misrepresentation by omission; (4) negligent misrepresentation by omission; (5) breach of express warranty; (6) breach of implied warranty of merchantability; (7) breach of implied warranty of fitness for particular purpose; and (8) violation of the Colorado Consumer Protection Act ("CCPA").

<u>Standard of Review</u>

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) or, in the alternative, for a more definite statement.  A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).  Rule 9(b) requires that for claims relating to fraud, the circumstances constituting fraud must be stated "with particularity."  Fed. R. Civ. P. 9(b).

<u>Discussion</u>

1.    <u>CCPA</u>

Defendants first assert that Plaintiff's claim under the CCPA is not cognizable because Plaintiff seeks damages for personal injuries, as opposed to an injury to her property.  Defendants admit that the CCPA is silent as to the specific injuries for which it is intended to provide a remedy and that no Colorado court has reached the issue.  They argue, however, that Colorado courts find persuasive decisions from states with analogous

2

consumer protection statutes and would find such a limitation, citing *Hall v. Walter*, 969 P.2d 224, 236 (Colo. 1998).

The CCPA provides a private right of action "to any person in a civil action for any claim against any person who has engaged in or caused another to engage in any deceptive trade practice."  C.R.S. § 6-1-113(1),   In *Hall*, the Colorado Supreme Court examined the issue of whether "any person" included a non-consumer affected by the defendant's alleged deceptive trade practice.  Defendants argue that because the Colorado Supreme Court found Oregon and Washington law informative when analyzing that issue, it should adopt the limitations those two states impose on remedies.  However, it is clear even from simply reading *Hall* that the statutes in those two states expressly limit recovery to money losses or property damages, which language is absent from the Colorado consumer protective statute.  *See Gross-Haentjens v. Leckenby,* 38 Or.App. 313, 589 P.2d 1209, 1210-11 (Or.App.1979) (holding that Oregon consumer protection act's private cause of action provision for "loss of money or property" does not create a cause of action for personal injuries ); *Washington State Physicians Insurance Exchange & Ass'n v. Fisons Corp.*, 122 Wash.2d 299, 858 P.2d 1054, 1060-61 (Wash.1993) (Washington Consumer Protection Act allows "any person" injured in his or her business or property by a violation of the statute to bring a civil action against the violator) (cited by *Hall*, 969 P.2d at 233 and 233 n. 8).

The language used in the CCPA is broad, permitting recovery for "any claim."  In addition, the Colorado Supreme Court's instructs that the statute be given a liberal construction consistent with its "broad remedial relief and deterrence purposes."  *Hall*, 969 P.2d at 230.   In the absence of guidance from the Colorado courts or legislature, I will not

3

imply a limitation where none otherwise appears.  Accordingly, I will not dismiss Plaintiff's CCPA claim on the grounds that it alleges personal injuries rather than financial loss or an injury to property.

Defendants also assert that Plaintiff has failed to plead with particularity the misrepresentation upon which she relies for her CCPA claim.  As noted by Plaintiff in her response brief, the CCPA applies to omissions as well as misrepresentations.  See C.R.S. § 6-1-105(u) (deceptive trade practice includes the failure to "disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction.").  Plaintiff has adequately pled her claim, including alleging that the risk of zinc-induced copper deficiency was material information that Defendants possessed and did not disclose to consumers.

2.    Misrepresentation by omission, negligent misrepresentation by omission

Defendants next assert that there is no recognized cause of action for "misrepresentation by omission" and "negligent misrepresentation by omission."  It is clear from the Second Amended Complaint that the claim asserted as "misrepresentation by omission" is simply a claim of fraudulent concealment, which is recognized in Colorado.  *See* CJI 4th, Civ: 19:2 (2007).  As noted above, Plaintiff has adequately pled the circumstances of these omissions.  However, the "negligent misrepresentation by omission" appears to be duplicative of the negligence claim and is redundant.

Accordingly, it is ordered:

1.    The Defendants' Motion to Dismiss Certain Claims in Plaintiff's Second Amended Complaint (doc no 56) is granted in part.  Plaintiff's claim of

4

"negligent misrepresentation by omission" (Claim 4 of the Second Amended Complaint) is stricken as redundant.   The motion is denied in all other respects.

DATED at Denver, Colorado, on May 21, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge

PDF FINAL                                              5